UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE BAY VIEW ASSOCIATION OF ) <br> THE UNITED METHODIST CHURCH, ) <br> ) <br> Defendant. ) | No. <br><br> Jury Trial Demanded |

## COMPLAINT

The United States of America, by its undersigned attorneys, files this complaint and alleges:

### I.   INTRODUCTION

1.   The United States of America brings this action against the Bay View Association of the United Methodist Church (the "Association") to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended 42 U.S.C. §§ 3601-3631.  This action is brought pursuant to 42 U.S.C. § 3612(o) on behalf of  John and Mary Agria, Marjorie Bayes, Donald Duquette, Wesley and Lois Hager, Robert and Sara Holmes, Gerald and Hannah Rees, Lawry Reid and Linda Ferrier-Reid, Albert and Helen Reynolds, Joseph and Jennifer Rupert, and Charles Weaver ("Complainants").

### II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper under 28 U.S.C. § 1391(b), because the events or omissions giving rise to the claims alleged herein occurred in the Western District of Michigan and because the Defendant and the property at issue in this action are located there.

### III. DEFENDANT BAY VIEW AND THE SUBJECT PROPERTY

4. The subject property is a summer community located on Little Traverse Bay in the State of Michigan, Emmet County.

5. The Association is a domestic nonprofit corporation in the State of Michigan.

6. The Association owns the summer community's land, and leases lots to members of the Association who own the cottages built on those lots.

7. The cottages in the summer community are "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(o).

### IV. FACTUAL ALLEGATIONS

#### A. The Bay View Association

8. The Association was founded in 1875 and formally recognized in 1890 as a Summer Resort and Assembly Association under Act No. 39 of the Michigan Public Acts of 1889, MCL § 455.51 *et seq.*

9. As a municipal nonprofit corporation, MCL § 455.67, the Association has certain governmental powers, including the power to levy and collect taxes, to control access to its grounds, to erect streets and highways, and to exercise general police powers. MCL §§ 455.58-59, 455.67-71.

10. The Association is governed by a nine member Board of Trustees vested with the authority to manage and control "business, finances, rights, interests, buildings, and all property, real and personal, of the [A]ssociation."

11. Membership in the Association is required to own a cottage at the summer community.

12. In the case of a purchase, once an individual enters into a contract for sale of a property, he or she must submit a membership application to the Association.

13. A member of the Membership Committee reviews the application, interviews the prospective member, and makes a recommendation to the Board of Trustees.

14. The Board must approve the applicant by a two-thirds vote.

15. Individuals, such as family members, must go through the same process before accepting a transfer of ownership or obtaining joint ownership.

16. If an individual inherits a cottage, he or she has one year to become a member of the Association to avoid having to sell it.

B. **Restrictions on Cottage Ownership**

17. From 1986 to 2018, the Association's bylaws required that in order to become a member of the Association and thus eligible to own a cottage, an individual must, among other things, be "of Christian persuasion" and obtain a letter of recommendation from the pastor (or designated leader) of the church the individual attends.

18. The requirement for a letter from a pastor excluded Christians who did not attend church from becoming members.

19. The Association did not preclude non-Christians from renting cottages at the summer community or from participating in the summer community's programs and activities.

20. In 2013 and 2016, a majority of the Association's members voted to amend the bylaws to remove the provisions allowing only church-going Christians to become members and

own cottages at the summer community. Because bylaw amendments require a two-thirds vote to pass, however, those proposed amendments failed.

21. In February 2018, the presiding Bishop of the United Methodist Church in Michigan issued a statement clarifying that the West Michigan Conference of the United Methodist Church "does not provide any operational oversight or appoint members to the Bay View Association," and that the Association is "separate from both the West Michigan Conference and the United Methodist Church" and "has its own rules and requirements about who can become a member."

22. After another vote in August 2018, the Association amended the bylaws to eliminate the provisions allowing only church-going Christians to become members and own cottages at the summer community. Sixty-nine percent of the members voted in favor of this amendment.

## V. AGGRIEVED PERSONS

23. On July 11, 2017, three cottage owners and one applicant (and his spouse) filed complaints with the United States Department of Housing and Urban Development ("HUD") alleging injuries caused by the Association's membership bylaw because it prevented them from purchasing or transferring a cottage.

24. Twelve more cottage owners filed complaints on July 12, 2017 and July 17, 2017 alleging similar injuries.

25. These individuals—John and Mary Agria, Marjorie Bayes, Donald Duquette, Wesley and Lois Hager, Robert and Sara Holmes, Gerald and Hannah Rees, Lawry Reid and Linda Ferrier-Reid, Albert and Helen Reynolds, Joseph and Jennifer Rupert, and Charles Weaver ("Complainants")—are aggrieved persons within the meaning of 42 U.S.C. §§ 3602(i) and 3614(d)(1)(B).

## VI.     HUD ADMINISTRATIVE PROCESS

26.     On July 11, 12, and 17, 2017, the Complainants filed timely complaints with the Department of Housing and Urban Development ("HUD").

27.     In accordance with 42 U.S.C. §§ 3610(a) and (b), the Secretary of HUD conducted and completed an investigation of the complaints, attempted conciliation without success, and prepared a final investigative report.

28.     Based upon the information gathered in the investigation, the Secretary determined, under 42 U.S.C. § 3610(g)(1), that reasonable cause existed to believe that the Association engaged in illegal discriminatory housing practices against the Complainants.

29.     On February 21, 2019, the Secretary issued a Charge of Discrimination, under 42 U.S.C. § 3610(g)(2)(A), charging the defendants with engaging in unlawful discrimination in violation of the FHA.

30.     On February 27, 2019, the Association filed a Notice of Election to have the case heard in a civil action pursuant to 42 U.S.C. § 3612(a), and an Administrative Law Judge issued a Notice of Election to Proceed in United States Federal District Court and terminated the administrative proceeding on the Charge of Discrimination.

31.     Following this Notice of Election, the Secretary authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o).

## VII.    THE ASSOCIATION HAS VIOLATED THE FAIR HOUSING ACT

32.     Through actions described above in paragraphs 8-25, the Association has:

    a.     Made dwellings unavailable or denied dwellings to persons because of religion, in violation of 42 U.S.C. § 3604(a);

5

      b.      Discriminated in the terms, conditions, or privileges of the rental or sale of dwellings, or in the provision of services or facilities in connection therewith, because of religion, in violation of 42 U.S.C. § 3604(b); and

      c.      Made statements with respect to the sale or rental of dwellings that indicate a preference, a limitation, or discrimination based on religion, in violation of 42 U.S.C. § 3604(c).

2. The Association is not a religious organization, association, or society within the meaning of 42 U.S.C. § 3607(a).

3. The Association is not supervised by, controlled by, or operated in conjunction with a religious organization, association, or society within the meaning of 42 U.S.C. § 3607(a).

## VIII. PRAYER FOR RELIEF

WHEREFORE, the United States requests that this Court enter an order that:

1. Declares that the Association's actions, policies, and practices, as alleged, violated the Fair Housing Act;

2. Enjoins the Association, its agents, employees, and successors, and all other persons in active concert or participation with it, from:

      a.      Discriminating on the basis of religion in any aspect of the rental, lease, or sale of a dwelling;

      b.      Discriminating in the terms, conditions, or privileges of rental or sale of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of religion;

      c.      Making any statements with respect to the sale or rental of dwellings that indicate a preference, a limitation, or discrimination based on religion; and

The United States further prays for such additional relief as the interests of justice may require.

Dated: July 9, 2019

Respectfully submitted,

WILLIAM P. BARR
Attorney General

ANDREW B. BIRGE
United States Attorney
Western District of Michigan

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division

LAURA BABINSKY
Assistant United States Attorney

SAMEENA SHINA MAJEED
Chief

TIMOTHY J. MORAN
Deputy Chief
AMIE S. MURPHY
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530
Phone: (202) 353-1285
amie.murphy2@usdoj.gov